AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: *Middle District Ocala Division* |
|---|---|

| Name (under which you were convicted): *Randall Lee Keeton Jr.* | Docket or Case No.: *Fill in by Clerk* |
|---|---|

| Place of Confinement : *Wakulla CI - Annex* | Prisoner No.: *5:23-cv-512-SPC-PRL* *T66392* |
|---|---|

| Petitioner (include the name under which you were convicted) *Randall Lee Keeton Jr.* | v. | Respondent (authorized person having custody of petitioner) *Richard Dixon Secretary To The Florida Department of Corrections* |
|---|---|---|

| The Attorney General of the State of: *Florida, Ashley Moody* |
|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    *Marion County Circuit Court 5th Judicial Circuit*

    (b) Criminal docket or case number (if you know):  *20CF0814*

2.  (a) Date of the judgment of conviction (if you know):  *Febuary 8, 2021*

    (b) Date of sentencing:  *Febuary 8, 2021*

3.  Length of sentence:  *5 years 9 months 18 days*

4.  In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes  ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case: *Count 1 Failure To Comply With Sex Offender Reporting Requirements, Count 2 Failure To Comply With Sex Offender Reporting Requirements.*

6.  (a) What was your plea? (Check one)

    ☐ (1)  Not guilty          ☒ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty              ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *I plead "No Contest" to both Count 1 + Count 2. Reserving my right to Direct Appeal.*

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes    ☐ No

8.   Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.   If you did appeal, answer the following:

(a) Name of court: *Fifth District Court of Appeal*

(b) Docket or case number (if you know): *5D21-0403*

(c) Result: *Affirmed w/o an opinion*

(d) Date of result (if you know): *July 1, 2022*

(e) Citation to the case (if you know): *2020-CF-814*

(f) Grounds raised: *Randall Keeton is not required to register as a sex offender under Fla. Stat. 943.0435 because his sentence has not been completed.*

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

AO 241 (Rev. 09/17)

        (4) Date of result (if you know): _____

        (5) Citation to the case (if you know): _____

        (6) Grounds raised: _____

        _____

        _____

        _____

      (h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes  ☒ No

        If yes, answer the following:

        (1) Docket or case number (if you know): _____

        (2) Result: _____

        _____

        (3) Date of result (if you know): _____

        (4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☐ Yes  ☒ No

11.    If your answer to Question 10 was "Yes," give the following information:

    (a)    (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____

        (5) Grounds raised: _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes  ☒ No

        (7) Result: _____

AO 241 (Rev. 09/17)

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☒ No

(2) Second petition:   ☐ Yes    ☒ No

(3) Third petition:    ☐ Yes    ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** _Petitioner was denied due process rights under the XIV Amendment by being tried for failure to register as a sex offender despite not having completed his sentence for the predicate crime._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_See Attached Exhibits A-G and Attachments page 6 For Ground One: Supporting Facts (1-7) on separate page._

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why:    N/A

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

_____

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

**GROUND TWO:** _____ *N/A* _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____ *N/A* _____

_____

_____

(c)  **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ☐  Yes     ☐  No

(4) Did you appeal from the denial of your motion or petition?     ☐  Yes     ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐  Yes     ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*N/A*

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :     *N/A*

**GROUND THREE:**     *N/A*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:    N/A

**GROUND FOUR:**    N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) If you did not exhaust your state remedies on Ground Four, explain why:    N/A

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☒ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☒ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☒ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:     N/A

AO 241 (Rev. 09/17)

13.     Please answer these additional questions about the petition you are filing:

   (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☒ Yes     ☐ No

         If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

         _____

         _____

         _____

   (b)     Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

         _____

         _____

         _____

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes     ☒ No

         If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

         _____

         _____

         _____

         _____

         _____

         _____

         _____

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes     ☒ No

         If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

         _____

         _____

         _____

         _____

AO 241 (Rev. 09/17)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the
      judgment you are challenging:

      (a) At preliminary hearing:    *Atty* Michael W. Novak 204 NW 3rd Avenue
      Ocala, Fl. 34475
      (b) At arraignment and plea:   Same as above

      (c) At trial:    Same as above

      (d) At sentencing:    Same as above

      (e) On appeal:    Betty Wyatt 444 Seabreeze Blvd. Suite 210 Daytona Beach,
      Florida 32118
      (f) In any post-conviction proceeding:    Same as above

      (g) On appeal from any ruling against you in a post-conviction proceeding:    Same as above


17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are
      challenging?          ☐ Yes   ☒ No
      (a) If so, give name and location of court that imposed the other sentence you will serve in the future:


      (b) Give the date the other sentence was imposed:
      (c) Give the length of the other sentence:
      (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
      future?          ☐ Yes   ☒ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
      why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

                                        N/A

AO 241 (Rev. 09/17)

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

        (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

                (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

                (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

                (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

                (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _Order 5th DCA to write an opinion to the Appellant, Dismiss the Charges against me immediately release me from the FDOC, and reprimand all parties involved in the orders and decisions made in this case in the Lower Courts and DCA._

or any other relief to which petitioner may be entitled.

_____Pro-Se_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _August 8, 2023_ (month, date, year).

Executed (signed) on _August 8, 2023_ (date).

_____Randall Lee Keeton Jr._____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____N/A_____

*Attachment to page 6 For Ground One: Supporting Facts (1-8)*

Fact 1.   I was convicted on the original charge on September 21, 2012 in which the Florida Statute 943.0435 applies. The court ordered me to pay court costs and fees totaling over $1600.00 for costs/fees/fines which are all considered a sanction due to them being a part of the judgement and sentence ordered by the court to include a term of 5 years probation.

Fact 2.   Included and attached is an Orange County Legal Document Titled Notice of Fines and Costs on this document note Rules # 9 and Rule # 10. This will show that you can be criminally punished and arrested if you do not pay these cost.

Fact 3.   On March 30, 2020 the state filed two charges for failure to comply with sex offender reporting requirements.

Fact 4.   On October 28, 2020 a Petitioner Filed Motion to Dismiss for the two counts of failure to comply with sex offender reporting requirements under Section 943.0435. See exhibit C

Fact 5.   On December 21, 2020 oral arguments for the Defense and State stayed in keeping with their respective written briefs with emphasis on whether court costs are sanctions. Both state and defense relied heavily on James V. State 298 So3d 90 Fla 2020. Attached are the Motion to Dismiss and the State's Demurrer to the Motion.

Continued Supporting Facts (6-7)

Fact 6. On December 31, 2020 the court filed a written order denying the Motion to Dismiss. The court specifically noted that the fine was not imposed as a lien or a cost in the James v. State case. Further the Court reasoned that this case is distinguishable from James because the defendant was assessed court costs only, and no fine. "Court costs are not a sanction". "Failure to pay court costs does not enhance punishment but rather results in a civil lien". per Judge. The trial court concluded Randall Keeton had completed his entire sanction and is required to register as a sexual offender under section 943.0435 Florida Statute, again in the previous stated Fact #2 not paying these costs does enhance punishment and so this should have never been applied to the decision to the Motion to Dismiss.

Fact 7. During June 22, 2021 legislative session, the first session since the James case had been decided and issued the legislature passed Chapter 2021-156 Laws of Florida. The Law was amended and "The" was replaced with "A" in the florida statute 943.0435 (1)(h) 1.a.(II). Now reads: Has been released on or after October 1, 1997 from a sanction imposed for any conviction of a defense and does not otherwise meet the criteria for registration as a sexual offender under 944 or Chapter 985 in this state or in any other jurisdiction means, probation, community control, parole, conditional release, control release or incarceration in a State Prison, Federal Prison, private correctional facility or local detention facility, If no sanction is imposed, the person is deemed to be released upon conviction, The amended law was pointed out in the State's response (Answer Brief) to the 5th DCA. And was the reason my Appeal was Affirmed without an opinion. Then making the James v. State case an Expo facto decision for my case, furthermore making 2nd DCA and 5th DCA conflicting decision.

Exhibit A

Certified copy of this Document

Filing # 120998004 E-Filed 02/08/2021 02:18:00 PM

**STATE OF FLORIDA,**
Plaintiff

v. Randall Lee Keeton Jr.

**Defendant,**

**IN THE CIRCUIT/COUNTY COURT, IN AND FOR ORANGE COUNTY, STATE OF FLORIDA**

Case No. : 11-CF-F5063-AO

☐ Amended

## NOTICE OF FINES AND COSTS, REQUIRED STATUS HEARINGS AND ORDER REQUIRING DEFENDANT'S PERSONAL APPEARANCE AT COLLECTION COURT

1. My Judgment/Sentence/Order requires that I fully pay all costs, fines and financial obligations as ordered by the Court.
2. **I must appear in court on each of the dates listed below unless I have paid in full or I am current on my installment payments.** "Current" means that I have paid all of the required installments I am supposed to make no later than 4:00 P.M. on the payment date specified below each month until the total financial obligations are paid.
3. If I have not paid in full or am not current, I must appear on each court date and show legal cause why I should not be held in contempt of court for failure to comply. If I am not current and do not appear in court, I may be held in contempt of court and understand that a writ for my delivery to jail will be given immediately to the sheriff.
4. I must immediately notify the Clerk of this court, in writing, of any change in my address and I will be further subject to contempt, sentence and/or fine if I fail to do so.
5. I understand that NO FURTHER NOTICE OF THESE COURT DATES WILL BE MAILED, SERVED, OR GIVEN TO ME.
6. I must pay all of my financial obligations directly to the Clerk. My payments must be by cash, check or money order to the Clerk of the Court. Cash should not be mailed to the Clerk's office. Payments should be made at: (circle one)

| Clerk of the Courts | Northeast Orange Courts | Northwest Orange Courts | West Orange Courts |
|---|---|---|---|
| 425 N. Orange Ave., Suite 250/410 | 450 N. Lakemont Ave. | 1111 N. Rock Springs Rd. | 475 W. Story Rd. |
| Orlando, FL 32801 | Winter Park, FL 32792 | Apopka, FL 32703 | Ocoee, FL 34761 |

7. **A fee of $5.00 per case per month must be paid until all costs are paid in full.**
8. I understand that if I fail to make a scheduled payment, an administrative fee of ten dollars ($10.00) per case, payable to the Clerk of the Court, shall be assessed against me for each late payment.
9. I further understand that each time I fail to make a scheduled payment, appear for a required status hearing, and a Writ of Bodily Attachment is issued, an administrative fee of twenty dollars ($20.00) per case shall be assessed against me.
10. I further understand that an administrative fee of two hundred and ten dollars ($210.00) shall be assessed against me upon my arrest as ordered in the Writ of Bodily Attachment.(AMOUNT INCLUDES OUTSTANDING CSP)
11. I further understand that a fee of $3.50 per payment is required when making payments toward restitution.
12. I further understand that a fee of $3.99 per payment is required when making payments by credit card.
13. I further understand failure to comply with court privileges, and case will be turned over to collection agency. (begin with 30 days of 90)
14. **TOTAL COSTS/FINES:** $668 _____
    **AMOUNT OF MONTHLY PAYMENTS:** $ 30 _____ per month, PAYMENT DATE _____
    AS PROVIDED IN the Court Order that you received from the Clerk of the Court and this date each month until paid in full. If the monthly payment provided herein is not timely made to the Clerk of the Court, the defendant is ORDERED TO APPEAR at the next Court hearing provided in paragraph 16 and 17 below.
15. Report to Collections Court within _____ days of release.
16. HEARING DATES: June 15 and 29, 2012; July 20 and 27, 2012; August 10 and 24, 2012; September 14 and 21, 2012; October 19 and 26, 2012; November 16 and 30, 2012; December 14, 2012.
    If you still owe money on any case, as of the end of the calendar year, it is your responsibility to obtain from the Clerk's Office (Room 250) the new dates for the next calendar year.
17. **THE HEARINGS PROVIDED IN PARAGRAPH 16 ABOVE WILL BE HELD IN COURTROOM 4C, 4th Floor, Orange County Court House, 425 North Orange Ave., Orlando, Florida at 7:30 a.m.**

I HEREBY ACKNOWLEDGE RECEIPT OF THIS NOTICE

this 21 day of September, 20 12

X Randall Lee Keeton Jr.
**DEFENDANT'S SIGNATURE**

DONE, ORDERED AND FILED IN OPEN COURT in Orange County, Florida

this 21 day of September, 20 12

_____
**CIRCUIT/COUNTY JUDGE/HEARING OFFICER**

PLEASE CALL 407-836-2000 IF YOU HAVE ANY QUESTIONS ABOUT THIS ORDER.
VISIT OUR WEBSITE AT: www.myorangeclerk.com

☐ Release defendants as to writ of Bodily Attachment only    ☐ Recall Writs

27-1A (06/12)

*Further prosecution if failure to pay*

*Fines, Fees, Cost, Categorized the same.*

Electronically Filed MARION Case # 20CF000814AX 02/08/2021 02:18:00 PM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT,
IN AND FOR MARION COUNTY, FLORIDA

STATE OF FLORIDA                              Case Number: 422020CF000814CFAXXX
vs.
RANDALL LEE KEETON

## CHARGES/COSTS/FEES

The Defendant is hereby ordered to pay the following:

**Mandatory Public Defender Fee(s)**

    $50.00   Pursuant to Section 27.52 Florida Statutes (Public Defender Application Fee)

**Mandatory Costs per Case in All Cases**

    $325.00  Felony Court Costs-Pursuant to 938.03 (Crime Compensation Trust Fund), 938.05 (Additional Court Costs), and 775.083(2) (Crime Prevention)

**Costs Ordered by Court per Count**

    $93.00   Circuit Criminal Per Count Costs-$3.00 per Section 938.01 (Criminal Justice Clearing Trust Fund, $20.00 pursuant to Section 938.06 for Crimestoppers Trust Fund, $2.00 pursuant to Section 938.15 and Marion County Ordinance Sec. 1-10.1 for Criminal Justice Education for Local Government, $3.00 pursuant to Section 938.19 and Marion County Ordinance Sec. 1-10.1 for Teen Court, and $65.00 pursuant to Section 939.185 and Marion County Ordinance Sec. 1-10.3 for Additional Court Costs for County Programs

    $93.00   Circuit Criminal Per Count Costs-$3.00 per Section 938.01 (Criminal Justice Clearing Trust Fund, $20.00 pursuant to Section 938.06 for Crimestoppers Trust Fund, $2.00 pursuant to Section 938.15 and Marion County Ordinance Sec. 1-10.1 for Criminal Justice Education for Local Government, $3.00 pursuant to Section 938.19 and Marion County Ordinance Sec. 1-10.1 for Teen Court, and $65.00 pursuant to Section 939.185 and Marion County Ordinance Sec. 1-10.3 for Additional Court Costs for County Programs

**Mandatory Surcharges for Specific Types of Cases Per Count**

    $151.00  Child Advocacy Trust Fund-Pursuant to 938.10 (Child Advocacy Trust Fund)
    $151.00  Rape Crisis Program Cost-Pursuant to 938.085 (Rape Crisis Program Trust Fund
    $151.00  Child Advocacy Trust Fund-Pursuant to 938.10 (Child Advocacy Trust Fund)
    $151.00  Rape Crisis Program Cost-Pursuant to 938.085 (Rape Crisis Program Trust Fund

**Discretionary Costs per Case in Specific Types of Cases**

    $100.00  Costs Of Prosecution-Pursuant to 938.27(8) (Prosecution/Investigation Costs per case)
    $100.00  Public Defender Lien-Pursuant to 938.29 for Public Defender Fees as ordered by the Court.

**Other**

    $9.00   Recording Fee-Judgment-Pursuant to 28.24
    $13.00   Recording Fee-Charge Cost Fee Page Cf-Pursuant to 28.24 and 939.185

DONE AND ORDERED in open court at Ocala, Marion County, Florida on <u>February 08, 2021</u>.

LISA HERNDON
CIRCUIT JUDGE

Filing # 115735823 E-Filed 10/28/2020 10:38:02 AM

IN THE CIRCUIT COURT OF THE FIFTH
JUDICIAL CIRCUIT, IN AND FOR
MARION COUNTY, FLORIDA

STATE OF FLORIDA,
        Plaintiff;

                              CASE NO.    20-CF-814-A

v.

RANDALL LEE KEETON,
        Defendant.
_____/

## MOTION TO DISMISS

COMES NOW the Defendant, **RANDALL LEE KEETON**, by and through the

undersigned Defense Counsel, and pursuant to Florida Rule of Criminal Procedure 3.190(c)(4),

hereby respectfully moves this Court to dismiss the all charges in the above-styled case, in total

two (2) counts of Failure to Comply with Sex Offender Reporting Requirements under Florida

Statute 943.0435 on the grounds that there are no material disputed facts as to that count and that

the undisputed facts do not establish a prima facie case of guilt against the Defendant as to the

offense charged.  In support thereof, the Defendant, **RANDALL LEE KEETON**, states the

following undisputed material facts:


## UNDISPUTED MATERIAL FACTS

1. The Defendant was convicted of Lewd and Lascivious Battery on September 21, 2012,

   under Florida Statute 800.04.

2. The court in that case sentenced the Defendant to a term in the Department of Corrections

   followed by probation, and costs in the amount of $1,675.00.

3. The Defendant has paid a total of $440.00.

Electronically Filed Marion Case # 20CF000814AX 10/28/2020 10:38:02 AM

State of Florida vs. Randall Keeton
20-CF-814-A-X
Motion to Dismiss

4. The Defendant failed report to the Department of Highway Safety and Motor Vehicles within 48 hours of a change in his permanent, temporary, or transient residence as charged by Information on March 27, 2020.

5. The Defendant failed to report in person to an office of the sheriff within 48 hours after a change in his permanent, temporary, or transient residence, as charged by Information on March 27, 2020.

## MEMORANDUM OF LAW

In a Florida criminal case, when there exists no material disputed facts, and the undisputed facts do not establish a prima facie case of guilt, the Rules of Criminal Procedure provide for a dismissal of the case. *State v. Crafton*, 575 So. 2d 777 (Fla. 5th DCA 1991); Fla.R.Cr.Pro. 3.190(c)(4). When filing a motion to dismiss an Information under this rule, the initial burden is on the Defendant, who must demonstrate that the undisputed facts fail to establish a prima facie case. *Ellis v. State*, 346 So. 2d 1044, 1045-46 (Fla. 1st DCA 1977). The undisputed material facts of this case fail to establish a *prima facie* case of guilt against the Defendant as to any criminal charges.

I.    **A person convicted of a sex offense in Florida and designated as either a sex offender or a sex predator is required to comply with sex offender registration requirements**

2

State of Florida vs. Randall Keeton
20-CF-814-A-X
Motion to Dismiss

The Defendant is charged with two criminal violations of s. 943.0435, Fla. Stat. (2019).

The statute reads in subsection (h)(1.) that a "[s]exual offender means a person who meets the

criteria in sub-subparagraph a.,...as follows:

(II)    Has been released on or after October 1, 1997 from the sanction imposed for any

conviction of an offense described in sub-sub-subparagraph (I). For purposes of sub-sub-

subparagraph (I), a sanction imposed in this state or in any other jurisdiction includes, but

is not limited to, a fine, probation, community control, parole, conditional release, control

release, or incarceration in a state prison, federal prison, private correctional facility, or

local detention.

The offenses referenced in sub-sub-subparagraph (I) include under Florida Statute

800.04, which is the statute that the Defendant was convicted under. Traditionally, this statute

has been read to mean that, once the Defendant is released from their incarcerative sentence, they

are required to begin registering under the law

However, a person is not required to register as either a sex offender under this statute

unless they have completed or been released from the entire sanction for the conviction. *State v.*

*James*, 2020 Fla. App. LEXIS 5036 (FL 2nd DCA). Sanctions under this statute "include but are

not limited to, a fine, probation, community control, parole, conditional release, control release,

or incarceration in a state prison, federal prison, private correctional facility, or local detention

facility." *Id* (citing Florida Statute 943.0435(1)(h)(1)(a)(II)).

Thus, in order to determine whether a Defendant is required to register under this statute,

it must be determined not only whether they were originally convicted under a cited statute in

Florida Statute 943.0435(1)(h)(1)(a)(I), but also it must be determined what the entire sanction

was and whether that sanction has been completed in total.

3

State of Florida vs. Randall Keeton
20-CF-814-A-X
Motion to Dismiss

II.    **The sanctions imposed in a sentence in this case include all costs as well as the fines,**
**incarceration, and other sanctions listed in Florida Statute 943.0435(1)(h)(1)(a)(II)**

It is clear that "a sanction imposed in this state or in any other jurisdiction **includes, but**
**is not limited to,** a fine, probation, community control, parole, conditional release, control
release, or incarceration in a state prison. [Emphasis added] *Id.* In *State v. James*, the Defendant
was assessed a fine, which is clearly delineated in the statute as being a sanction. In the instant
case, no fine was assessed, but costs in the amount of $1,675.00 were assessed. Those costs are
part of the sanction imposed against the Defendant, and until he has either completed that
sanction, or been released from it, he is not required to register.

As indicated by the emphasis added to the prior citation, a sanction includes all terms in
that series, but is explicitly not limited to that series. The State of Florida has made it clear
through subsequent legislation that when it references completion of all terms of a sentence, it
includes in that definition "[f]ull payment of fines or fees ordered by the court as a part of the
sentence or that are ordered by the court as a condition of any form of supervision, including, but
not limited to, probation, community control, or parole." Florida Statute 98.0751(2)(a)(5)(b).

Statute 98.0751, related to the restoration of voting rights to convicted felons, shows us
the legislative intent when discussing a criminal defendant's requirement that he or she complete
their sentence. It uses the terms "fees or fines," showing the two are considered part and parcel.
98.0751(2)(a)(5)(c) also reads that "[t]he financial obligations required under sub-subparagraph
a. or sub-subparagraph b. include only the amount specifically ordered by the court as part of the
sentence and do not include any fines, fees, or costs that accrue after the date the obligation is
ordered as part of the sentence[.]" This further illustrates that the State views all costs included

4

State of Florida vs. Randall Keeton
20-CF-814-A-X
Motion to Dismiss

at the time of sentencing as the same thing. In the instant case, it is indisputable that at least

$668.00 was assessed at the time of sentencing, and possibly more, and that the defendant, to

date, has only paid $440.00.

III.    **If the Court finds that there are any ambiguities in s. 943.0435 Fla. Stat. any such**
      **ambiguities must be construed in favor of the Defendant pursuant to s. 775.021(1),**
      **Fla. Stat.**

If the Court finds the language of s. 943.0435 ambiguous to the extent that there is a

question as to whether the costs owed by the defendant are part of a sanction imposed on the

defendant, the Court must adopt the statutory construction that favors the Defendant. The

applicable rule, known as "the principle of lenity" states, "When the language [of criminal

statutes] is susceptible to differing constructions], it shall be construed most favorably to the

accused." s. 775.021(1), Fla. Stat. (2013). "Words and meanings beyond the literal language

may not be entertained nor may vagueness become a reason for broadening a penal statute."

*Perkins v. State*, 576 So.2d 1310, 1312 (Fla. 1991). In *Perkins*, the Court was tasked with

determining how to construe the word "involves" in s. 776.08, Fla. Stat., which defines "forcible

felony," so as to determine whether trafficking in cocaine can be a forcible felony. S. 776.08,

Fla. Stat. sets out a list of crimes which constitute forcible felonies (i.e. treason, murder, etc.),

which ends with the language, "and any other felony which involves the use or threat of physical

force or violence against any individual." s. 776.08, Fla. Stat. (2013). The State in *Perkins*

argued that trafficking in cocaine "inherently involves a propensity to violence and thus qualifies

as a 'forcible felony.' " *Perkins*, 576 So.2d at 1312. The Court applied the principle in s.

5

State of Florida vs. Randall Keeton
20-CF-814-A-X
Motion to Dismiss

775.021(1) that where statutory language is susceptible to differing constructions, it must be construed in favor of the accused and found that the language "involves the use of threat or physical violence" must be interpreted to mean that a forcible felony is "any felony whose statutory elements include the use or threat of physical force or violence against any individual," and thus that trafficking in cocaine did not constitute a forcible felony because it did not involve the threat of violence. *Id.* at 1313-4.

The principle in s. 775.021(1) was also used by the 5th D.C.A. in the case of *Biller v. State*, 109 So.3d 1240 (Fla. 5th D.C.A. 2013) in determining whether the word "send" as used in the statute prohibiting transmission of pornography by electronic device, s. 827.071(5), Fla. Stat., encompassed the conduct of uploading pornographic images on a peer-to-peer sharing network and knowingly allowing subscribers to access them. *Biller*, 109 So.3d at 1240-1. The Statute required that the transmission of pornographic images where the term "transmit" was defined as "the act of sending and causing to be delivered any image, information, or data from one or more persons or places to one or more other persons or places over or through any medium, including the Internet, by the use of any electronic equipment." *Id.* (quoting s. 827.071(5), Fla. Stat. (2010)). The State argued that Biller's conduct of uploading pornographic images to a peer-to-peer network where others could access them constituted "sending" the images. *Id.* at 1241. Biller argued that the act of uploading the images to a peer-to-peer sharing network did not constitute the act of "sending" as "sending" would require "a purposeful act to deliver the files rather than the mere allowance of access to files." *Id.* The 5th D.C.A. found that both constructions of the statute where reasonable, however that the court was compelled to construe the statute most favorable to the Defendant pursuant to s. 775.021(1), and thus the definition of "send" proposed by the Defendant had to be used. *Id.*

6

State of Florida vs. Randall Keeton
20-CF-814-A-X
Motion to Dismiss

     To the extent that the word "sanction" in s. 943.0435 is ambiguous, the court must similarly interpret it in the manner most favorable to the Defendant, and thus must construe its use to mean that which is in line with how it or synonymous terms are defined elsewhere in the statutes. The application of the Principle of Lenity in the statutory construction of s. 943.0435 makes clear that all costs included as part of the Defendant's sentence are part of his sanction, and he is not required to register as a sex offender until either the statute is amended, the costs are paid, or he is released from his obligation under the sanction.

## CONCLUSION

     As the Defendant had not completed all terms of his sanction of his original sentence for his conviction of for Lewd and Lascivious Battery, since he did not pay all the costs imposed upon him when he was sentenced the Defendant would not be subject to criminal prosecution under s.943.0435, Fla. Stat., for any violation of the statute, since he is not required to register until such time as the sanction is completed or removed. Therefore, the undisputed material facts, even when viewed in the light most favorable to the State, do not establish a prima facie case of guilt for a criminal violation of s. 943.0435; thus the above-styled criminal case must be dismissed.

7

State of Florida vs. Randall Keeton
20-CF-814-A-X
Motion to Dismiss

WHEREFORE, the Defendant respectfully requests this Honorable Court to enter an order

dismissing the Information charging the Defendant with two counts of Failure to Comply with

Sex Offender Reporting Requirements in the above styled case.

_____          _____
RANDALL LEE KEETON                                              Date  9/24/20

STATE OF FLORIDA

COUNTY OF MARION

BEFORE ME, the undersigned authority, personally appeared RANDALL LEE KEETON, who

produced identification in the form of a Jail Identification Card, who first being duly sworn,

deposes and says that the facts in the foregoing Sworn Motion to Dismiss are true and correct.

_____

_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to the Office of the State
Attorney, 110 NW 1st Ave., Suite 5000 Ocala, FL 34475, this 28th day of ~~August, 2020.~~
October

~~Under penalties of perjury, I declare that I have~~

~~read the foregoing~~_____
                              (document title)

~~and that the facts stated in it are true.~~
~~Florida State Statute 92.525~~

_____
Date              Signature

Office of Michael A. Graves
Public Defender
Fifth Judicial Circuit

_____
MICHAEL W. NOVAK
Assistant Public Defender
FL BAR NO. 0101545
204 NW 3rd Avenue
Ocala, FL 34475
(352) 671-5454

8

Page 43

Filing # 116836809 E-Filed 11/17/2020 05:09:20 PM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT,
OF THE STATE OF FLORIDA, IN AND FOR MARION COUNTY

STATE OF FLORIDA                         CASE NO. 2020-CF-000814-X

VS

RANDALL LEE KEETON JR

_____/

## STATE'S DEMURRER TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, the State acting by and through Shaw M. Ashley, Assistant State Attorney in the above styled case and makes its response to Defendant's Motion to Dismiss.

## FACTS

1. Defendant was convicted of Lewd or Lascivious Battery on a victim twelve years of age or older, but less than sixteen years of age, in Orange County, Florida on April 8, 2015. See Case No.: 2011-CF-15063-A-O, Orange Cnty., Cir. Ct. This requires sexual offender registration.

2. Defendant was originally sentenced to a downward departure of five years sex offender probation on Count 2. Count 1 was dropped.

3. In addition, Defendant was assessed $668.00 in court costs. See Dkt. 52. Notably, the space for a fill in regarding fines is left blank, indicating no fine was assessed.

4. Ultimately, Defendant violated his probation and was sentenced to a term of prison for four years.

5. All court costs were reduced to a civil lien when Defendant was sentenced to prison. See. Dkts. 170 through 175.

6. It appears Defendant may have even cleared his financial obligation as evidenced by Dkts. 178 through 179.

Electronically Filed Marion Case # 20CF000814AX 11/17/2020 05:09:20 PM

State v. Randall Lee Keeton, Jr.
2020-CF-814
Page 2

7. Defendant was then arrested in the instant case for failing to report to Department of

   Highway Safety Motor vehicles within 48 hours of changing his residence (Count 1); and

   failing to report in person to an office of the sheriff within 48 hours after a change in his

   residence (Count 2).

8. Defendant then filed the Motion to Dismiss at issue here.

9. The burden is on the Defendant to show there are no material disputed facts, and the

   undisputed facts do not establish a prima facie case of guilt. Fla. R. Crim. P. 3.190(c)(4).

## ARGUMENT

### History of Florida Statute Section 943.0435

Florida enacted Florida Statute Section 943.0435 in 1997 in response to the United States

Congress establishing a federal framework for sex offender registration in the 1990s. See e.g., 42

U.S.C. § 14071. Federal funding is tied to a state's compliance with the standards set forth by

Congress, including states maintaining their own sex offender registry. See 34 U.S.C. § 20912(a);

34 U.S.C. § 20927(a) (a percentage of federal funding is withheld from states that fail to meet the

certain standards); Fla. Stat §943.0436 ("Congress . . . has provided that to the extent that a state's

laws do not meet certain federal requirements, the state will lose significant federal funding

provided to the state for law enforcement and public safety programs.").

Florida Statute Section 943.0435 requires sex offenders to report in person to a sheriff's

office within forty-eight hours of release, to provide identifying information including name, date

of birth, addresses, employment, vehicles, and internet identifiers. Fla. Stat. § 943.0435(2). This

is an ongoing obligation and any changes must be reported to law enforcement.

Florida Department of Law Enforcement ("FDLE") maintains the registry based off

information collected by Department of Corrections ("DOC") and Department of Juvenile Justice

Q:\M-2020-09857

State v. Randall Lee Keeton, Jr.
2020-CF-814
Page 3

("DJJ") who collect information from sexual offenders prior to their release from confinement. Local sheriffs are tasked with the initial registration. Fla. Stat. § 943.0435(2)(a). The registry is available to the public.[1] Florida's registry ensures the public and law enforcement have access to registrant's information in making every attempt to protect communities across the State. Locating sexual offenders becomes much more difficult if they are not required to register or are otherwise immune from registration through incorrect judicial loopholes suggested by the Second DCA in State v. James, No. 2D18-2552, 2020 WL 1870339 (Fla.2d DCA 2020).[2]

**Statutory Construction**

The Second DCA erred in its interpretation of 943.0435 when it determined that offenders who had not been released from every part of their sanction had not been released from their sentence and therefore were not required to register as a sexual offender. Questions of legislative intent to related statutory provisions should be read together "so that if the evident intent is different from the literal import of the terms employed to express in a particular part of the law, that intent should prevail, for that, in fact is the will of the Legislature." Maddox v. State, 923 So. 2d 442, 445 (Fla. 2006) quoting Golf Channel v. Jenkins, 752 So.2d 561, 564 (Fla. 2000).

Section 943.0435 defines "sexual offender" as any person who:

> (I) Has been convicted of . . . any [sex offense, including the offense set forth in Section 794.011]; and
>
> (II) Has been released on or after October 1, 1997, from the sanction imposed for any conviction of an offense described in paragraph [I]. For purposes of paragraph (I), a sanction imposed . . . includes, but is not limited to, a fine, probation, community control, parole, conditional release, control release, or incarceration in a state prison,

---

[1] https://offender.fdle.state.fl.us/offender/sops/search.jsf
[2] At least one circuit court has already held that James was wrongly decided. See State v. Bouchard, 2003-CF-0134, slip op at 2 (Levy Cty. Cir. Ct., June 25, 2020).

Q:\M-2020-09857

State v. Randall Lee Keeton, Jr.
2020-CF-814
Page 4

federal prison, private correctional facility, or local detention facility.

§ 943.0435(1)(h)(1)(a), Fla. Stat.

The Second DCA's error is in reading this section of the statute in a vacuum and therefore misinterpreting one word ("*the*" sanction) in one sentence, of one paragraph, of the entire statute. See e.g. § 943.0435(1)(b) (A sanction includes, but is not limited to, a fine, probation, community control, parole, conditional release, control release, or incarceration in a state prison, federal prison, private correctional facility, or local detention facility). To properly determine the Legislature's intent, the Second DCA when deciding James should have first looked to the statute as a whole. State v. Mounce, 866 So. 2d 132 (Fla. 5th DCA) ("In order to arrive at a proper construction of a statute, [a] court must consider the text, legislative intent, and the statutory scheme as a whole and adopt the interpretation most likely to comply with legislative intent and fulfill the purpose of the statute.); Lieble v. State, 933 So. 2d 119, 122 (Fla. 5th DCA 2006 (interpreting Section 943.0435 "[b]ased on the express language of the statute, the legislative intent behind [it], [and] the nature of the offense"); see Maracich v. Spears, 570 U.S. 48, 68 (2013) (statutory text should be interpreted in a way that renders two parts compatible, not contradictory). The Second DCA overlooked the surrounding text, related provisions, the statute's purpose, and the statutory scheme as a whole.

Subsection (II) does not say that a person convicted of a sex offense qualifies as a sexual offender only if he has been released from his entire sentence. See § 943.0435(1)(h)(1)(a)(II), *supra*. compare e.g., Art. VI, § 4(a), Fla. Const. (restoring voting rights of certain felons "upon completion of **all** terms of sentence including parole or probation") (emphasis added). Instead § 943.0435 states that release from a sanction is the triggering event, and it defines "sanction" as "a

State v. Randall Lee Keeton, Jr.
2020-CF-814
Page 5

fine, probation, community control, parole, conditional release, **or** incarceration." §

943.0435(1)(h)(1)(a)(II), Fla. Stat. (emphasis added). The Legislature's use of "or" indicates each

of those penalties being a sanction, and release from any of them requires registration.

"Sanction" refers to any discrete penalty that comprises a sentence, rather than the entire

sentence as a whole. Morganti v. State, 573 So. 2d 820, 821 (Fla. 1991) ("A lawful sentence may

comprise several penalties, such as incarceration, probation, and a fine."), see also Murphy v. State,

161 So. 3d 1282 (Fla. 1ˢᵗ DCA 2015) quoting § 775.082(10) ("The statute does

[not] define "nonstate prison sanction," but the phrase is commonly understood to mean probation,

community control, **or** imprisonment in the county jail for up to one year.") (emphasis added). The

Third District Court of Appeal has recently interpreted Section 943.0435 use of "sanction" as any

one of the singular components comprising an entire sentence. See State v. Hernandez, 278 So. 3d

845, 847 (Fla. 3d DCA 2019) (holding that circuit court's order granting defendant's motion to

delete sexual offender registration requirement constituted departure from the essential

requirements of the law); State v. Brena, 278 So. 3d 850, 853 (Fla. 3d DCA 2019) (holding in part

that trial court lacked authority to delete sexual offender registration requirement) It is clear by

these line of cases, that courts interpret 943.0435 to be read in whole, with the phrase "the

sanction," and the meaning applied is that of an "or" grouping, rather than an all-inclusive "and"

grouping – simply put a sexual offender is to register upon the completion of *any* sanction, rather

than *all* sanctions.

Reading Section 943.0435(1)(h)(1)(a)(II) together with other parts of the statute confirms

the Legislature intended release from *any* sanction to trigger registration requirements. Multiple

provisions in Section 943.0435 contemplate registration once a person is released from one of the

Q:\M-2020-09857

State v. Randall Lee Keeton, Jr.
2020-CF-814
Page 6

sanctions, as opposed to all of them. For example, review §943.0435(2)(a)(1)(b)[3], §943.0435(11)[4], §943.0435(11)(a)(1)[5], and 943.0435(12).[6] The language in each of the subsections indicates the Legislature's intent was to have offenders register immediately upon release from "incarceration or commitment," not when they complete *all* parts of their sentence.

The Second DCA further erred in failing to read Section 943.0435 *in pari materia* with the companion statutes of Sections 944.606 and 944.607 ("Sex Offenders; Notification Upon Release" and Notification to Florida Department of Law Enforcement of Information on Sexual Offenders, respectively). These three statutes are harmonized when reading Section 943.0435 as applying upon release from a single sanction as opposed to all sanctions. See E.A.R. v. State, 4 So. 3d 614, 629 (Fla. 2009) ("The doctrine of *in pari materia* is a principle of statutory construction that requires that statutes relating to the same subject or object be construed together to harmonize the statutes and to give effect to the Legislature's intent."). It is clear that the legislature designed and intended Sections 943.0435, 944.606, and 944.607 to work together in an interlocking fashion.

---

[3] [A] person must register "in person at a sheriff's office . . . [i]n the county in which they establish[]" a residence "within 48 hours after . . . being released from the custody, control, **or** supervision of the Department of Corrections." (emphasis added).

[4] Except as provided in § 943.04354, a sexual offender shall maintain registration with the department for the duration of his or her life unless the sexual offender has received a full pardon or has had a conviction set aside in a postconviction proceeding for any offense that meets the criteria for classifying the person as a sexual offender for purposes of registration....

[5] A sex offender shall only be considered from the removal requirement if: Has been lawfully released from confinement, supervision, **or** sanction, whichever is later, for at least 25 years and has not been arrested for any felony or misdemeanor offense since release, provided that the sexual offender's requirement to register was not based upon an adult conviction. (emphasis added).

[6] 943.0435(12) states registration is "paramount" to public safety because sexual offenders "often pose a high risk of engaging in sexual offenses even after being released from incarceration or commitment."

Q:\M-2020-09857

State v. Randall Lee Keeton, Jr.
2020-CF-814
Page 7

The alternate reading of Section 943.0435 offered by the Second DCA guts 944.606(3) requiring the Department of Corrections to provide FDLE and local law enforcement information needed to track each sexual offender upon release from incarceration. The Second DCA did briefly consider the absurdity doctrine: "Here, the plain meaning of the statute does not produce an absurd or patently unreasonable result – the result may not be the one ultimately desired by the legislature, but without more, this court is bound by the plain meaning of the language used in the statute." James, No. 2D18-2552, 2020 WL 1870339 (Fla.2d DCA 2020). By following the flawed reasoning in James, such a construction would allow sex offenders to lurk in the community by evading their fines and costs and receiving carte blanche from ever having to register. This is a clear absurd result. See McCloud v. State, 260 So. 3d 911, 914 (Fla. 2018) ([L]egislative intent is the polestar that guides a court's statutory construction analysis.") and State v. Atkinson, 831 So. 2d 172, 174 (Fla. 2002) ("A basic tenet of statutory construction compels a court to . . . avoid a construction that would result in unreasonable, harsh, or absurd consequences.").

Succinctly, the State argues the Second DCA erred when coming to their conclusion because they overlooked the many additional sections of § 943.0435 that offer guidance on the Legislature's intention when enacting the statute. As such, any failure to comply with the provisions of Florida Statute Section 943.0435 establishes a prima facie case of guilt against Defendant and the Motion to Dismiss should be denied.

**Court costs are not a sanction**

Defendant argues that because he has not paid certain court costs (as opposed to fines in James), he has not completed all sanctions and thus is not required to register as a sexual offender. Notwithstanding the argument, *supra*, that a release from *any* sanction requires a sex offender to register, it is well settled that an assessed court cost is not a sanction. Griffin v. State, 980 So. 2d

Q:\M-2020-09857

State v. Randall Lee Keeton, Jr.
2020-CF-814
Page 8

1035, 1037 (Fla. 2008) reasoned that when failure to pay court costs does not enhance punishment,

such as increased prison time, or loss of gain time, it cannot be considered a penalty. See also

Ridgeway v. State, 892 So. 2d 538, 540 (Fla. 1st DCA 2005) ("Moreover, monetary penalties have

not been equated to criminal punishment.").

        In the case at bar, Mr. Keeton's outstanding court cost balance of $1,235 is not a sanction

or penalty. Failure for him to pay court costs only results in a civil lien. No additional prison time,

loss of gain time, or community service is assessed for failure to pay those court costs. In Mr.

Keeton's original conviction, the court costs were converted to a civil lien and he is to pay those

costs through collections. See State v. Keeton, Orange Cnty. Cir. Case No.: 2011-CF-15063-A-O,

Order Revoking Probation, Dkt. 162, April 8, 2015.

## CONCLUSION

        Defendant has been released from at least one sanction that requires sexual offender

registration. The Second DCA erred in James and Defendant should not benefit from that error.

However, even if this court determines that it must follow James, the fact that Defendant has not

finished paying court costs, which are currently in collections, is not a sanction the James ruling

was based on. The State therefore prays that Defendant's Motion to Dismiss should be denied for

failing to meet their burden.

        WHEREFORE the State would ask this Court to Deny Defendant's Motion to Dismiss for

the reasons stated above.

Q:\M-2020-09857

State v. Randall Lee Keeton, Jr.
2020-CF-814
Page 9

RESPECTFULLY SUBMITTED this 17th day of November, 2020.

/s/ Shaw M Ashley
Shaw M Ashley
Assistant State Attorney
Florida Bar No. 111349
110 NW 1st Avenue, Suite 5000
Ocala, FL 34475
(352) 671-5800
EServiceMarion@sao5.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above has been furnished to Michael W Novak, Marion County Office Of The Public Defender, 204 NW 3 Ave, Ocala, FL 34475, by hand or mail delivery or electronic service this 17th day of November, 2020.

/s/ Shaw M Ashley
Shaw M Ashley

Q:\M-2020-09857

*Exhibit E*

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

STATE OF FLORIDA,                         CASE NO.: 2020-CF-814-A-X

vs.

RANDALL LEE KEETON,
    Defendant.
_____/

## <u>ORDER DENYING MOTION TO DISMISS</u>

**THIS CAUSE** came before the Court for hearing on December 21, 2020, on Defendant's

Motion to Dismiss, filed on October 28, 2020.  On November 17, 2020, the State file a Demurrer

to Defendant's Motion to Dismiss.  The Court, having reviewed the Motion and State's Demurrer,

heard argument of counsel and being otherwise fully advised in the premises, finds as follows:

On September 21, 2012, Defendant was convicted of Lewd or Lascivious Battery on a

Victim Twelve Years of Age or Older but Less Than Sixteen Years of Age in Orange County case

number 2011-CF-15063-A-O, and sentenced to a downward departure of five years sex offender

probation and assessed court costs.  A warrant for violation of probation was issued on October 1,

2012.  On May 16, 2013, Defendant admitted violating his probation; probation was reinstated and

modified to reflect a new term of 10 years sex offender probation with the first 2 years to be served

as community control and court costs were assessed.  On November 26, 2013, a second VOP

warrant was issued for Defendant.  On February 4, 2014, Defendant admitted violating his

probation and was sentenced to 364 days in jail followed by 10 years sex offender probation.  On

October 13, 2014, a third VOP warrant was issued for Defendant.  On April 8, 2015, Defendant

admitted the violation of probation; probation was revoked and terminated and he was sentenced

to 4 years in the Department of Corrections, court costs were assessed and reduced to a civil lien.

Electronically Filed Marion Case # 20CF000814AX 12/31/2020 01:32:47 PM

On March 13, 2020, Defendant was arrested and subsequently charged by Information with two counts of Failure to Comply with Sex Offender Reporting Requirements, pursuant to Florida Statute 943.0435. Defendant moves to dismiss the current charges, relying upon *State v. James*, 298 So.3d 90 (Fla. 2nd DCA 2020). Defendant argues that he is not required to register as a sex offender because he has not been released from the entire sanction for the conviction, in that, he did not pay the entire amount of court costs assessed.

Section 943.0435:

> (h)1.  "Sexual offender" means a person who meets the criteria in sub-subparagraph a., sub-subparagraph b., sub-subparagraph c., or sub-subparagraph d., as follows:
>
> a.(I)  Has been convicted of committing, or attempting, soliciting, or conspiring to commit, any of the criminal offenses proscribed in the following statutes in this state or similar offenses in another jurisdiction: s. 393.135(2); s. 394.4593(2); s. 787.01, s. 787.02, or s. 787.025(2)(c), where the victim is a minor; s. 787.06(3)(b), (d), (f), or (g); former s. 787.06(3)(h); s. 794.011, excluding s. 794.011(10); s. 794.05; former s. 796.03; former s. 796.035; s. 800.04; s. 810.145(8); s. 825.1025; s. 827.071; s. 847.0133; s. 847.0135, excluding s. 847.0135(6); s. 847.0137; s. 847.0138; s. 847.0145; s. 895.03, if the court makes a written finding that the racketeering activity involved at least one sexual offense listed in this sub-sub-subparagraph or at least one offense listed in this sub-sub-subparagraph with sexual intent or motive; s. 916.1075(2); or s. 985.701(1); or any similar offense committed in this state which has been redesignated from a former statute number to one of those listed in this sub-sub-subparagraph; and
>
> (II)  Has been released on or after October 1, 1997, from the sanction imposed for any conviction of an offense described in sub-sub-subparagraph (I). For purposes of sub-sub-subparagraph (I), **a sanction imposed** in this state or in any other jurisdiction includes, but is not limited to, **a fine, probation, community control, parole, conditional release, control release, or incarceration** in a state prison, federal prison, private correctional facility, or local detention facility;

*Amended to A in*

In *James*, the Court found that the defendant did not qualify as a sexual offender because he had not been released from his entire sanction, in that, he had not paid all of the $10,000.00 fine imposed. *Id* at 90. The Court specifically noted that the fine was not imposed as a lien or a cost.

*Id* at 91. The instant action is distinguishable from *James* because Defendant was assessed court costs only, and no fine. Court costs are not a sanction. Failure to pay court costs does not enhance punishment, but rather results in a civil lien. *See Griffin v. State*, 980 So.2d. 1035 (Fla. 2008); *Ridgeway v. State*, 892 So.2d. 538(Fla.1st DCA 2005). Therefore, Defendant has completed his entire sanction and is required to register as a sexual offender pursuant to 943.0435, Florida Statutes.

Based upon the foregoing, it is

**ORDERED**:

Defendant's Motion to Dismiss is DENIED.

**DONE AND ORDERED** in Ocala, Marion County, Florida, on December 31, 2020.

**LISA HERNDON**
**Circuit Court Judge**

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing was provided to the following, via the Florida Courts E-portal, or as indicated, on December 31, 2020.

Office of the Public Defender

Office of the State Attorney

Judicial Assistant

*Exhibit F*

IN THE DISTRICT COURT OF APPEAL, FIFTH DISTRICT
STATE OF FLORIDA

RANDALL LEE KEETON,

      Appellant,

vs.                        DCA CASE NO. 5D21-0403

STATE OF FLORIDA,

      Appellee.

_____/

## APPEAL FROM THE CIRCUIT COURT OF THE 5TH JUDICAL CIRCUIT IN AND FOR MARION COUNTY, FLORIDA

## INITIAL BRIEF OF APPELLANT

MATHEW J. METZ

PUBLIC DEFENDER
SEVENTH JUDICIAL CIRCUIT

BETTY WYATT
ASSISTANT PUBLIC DEFENDER
FLORIDA BAR NO. 21457
444 Seabreeze Boulevard,
Suite 210
Daytona Beach, Florida 32118
(386) 254-3758
E-mail: wyatt.betty@pd7.org

COUNSEL FOR APPELLANT

# TABLE OF CONTENTS

PAGE NO.

TABLE OF CONTENTS                                              i

TABLE OF CITATIONS                                            ii

PRELIMINARY STATEMENT                                        iii

STATEMENT OF THE CASE AND FACTS                               1

SUMMARY OF THE ARGUMENT                                       7

ARGUMENT          *Grounds Raised use for 9*                  8

      RANDALL KEETON IS NOT REQUIRED TO
REGISTER AS A SEX OFFENDER UNDER
FLORIDA STATUTE 943.0435 BECAUSE HIS
SENTENCE HAS NOT BEEN COMPLETED.

CONCLUSION                                                   11

CERTIFICATE OF SERVICE                                       12

CERTIFICATE OF COMPLIANCE                                    12

i

## TABLE OF CITATIONS

CASES CITED:                                                          PAGE NO.

*Cason v. Fla. Dep't of Mgmt. Servs.*
944 So. 2d 306, 315 (Fla. 2006)                                              9

*Conn. Nat'l Bank v. Germain*
503 U.S. 249253-254, 112 S.Ct. 1146, 117 L. Ed. 391 (1992)                   9

*Griffin v. State*
980 So.2d. 1035 (Fla 2008)                                                   3

*Macchione v. State*
123 So.3d 114 119 n.3 (Fla. 5th DCA 2013)                                   10

*Maddox v. State*
923 So.2d 442, 452 (Fla. 2006)                                              10

*Mesen v. State*
271 So.3d at 171 (quoting *Republic of Argentina v NML Capital. Ltd.,*
573 U.S. 134, 145. 134 S Ct. 2250, 189 L. Ed. 2d 234(2014)                  10

*State v. James*
298 So.3d 90 (FL 2020)                                               3, 7, 9, 10

*State v. Walthour*
876 So.2d 594, 595 (Fla. 5th DCA 2004)                                       6

*United States v. Brown*
206 U.S. 240, 244. 27 S. Ct. 520, 51 L. Ed. 1046, 42 Ct. Cl. 534 (1907)    10

OTHER AUTHORITIES CITED:
Section 98.0751(2)(a)(5)(b),  Florida Statutes                               8
Section 775.21, Florida Statutes (2017)                                      9
Section 800.04, Florida Statutes                                             6
Section 943.0435, Florida Statutes (2019)                                3, 4, 5
Section 943.0435,(h)(1),(2019), Florida Statutes                          6, 7
*Advisory Opinion to Governor re Implementation of Amend. 4,*
*The Voting Restoration Amend.*, 288 So .3d 1070 (Fla. 2020)               10

## PRELIMINARY STATEMENT

Appellant was the Defendant and appellee was the Prosecution in the

Felony Division of the Circuit Court, Fifth Judicial Circuit, in and for Marion

County, Florida. In the Brief the Appellee will be referred to as "the State"

and the Appellant will be referred to as he appears before this Honorable

Court of Appeal.

In this brief, the following symbols will be used:

"R."        Original record on appeal

"Supp.R."   Supplemental record on appeal

iii

## STATEMENT OF THE CASE AND FACTS

On September 21, 2012, Mr. Keeton entered a plea of no contest to the charge of lewd and lascivious battery under Florida Statute 800.04.(R36,Supp.R.180) Mr. Keeton was adjudicated guilty and sentenced to sixty six days in the Orange County jail with credit for sixty six days already served. The sixty six days was followed by five years sex offender probation. (Supp.R.180-181) The sentence was a stipulated downward departure. (Supp.R.181)

On May 16, 2013, Mr. Keeton entered a no contest plea to petit theft and admitted he violated his probation with the petit theft charge. (Supp.R.203) This was an open plea to the Circuit Court in Orange County. (Supp.R.203) Mr. Keeton was adjudicated guilty on the charge of violation of probation. His supervision was reinstated to ten years of sex offender probation with the first two years on community control. There were no additional sanctions added. (Supp.R.218)

On February 14, 2014, Mr. Keeton admitted to violating community control by testing positive. (Supp.R.191) Mr. Keeton accepted the State's offer of three hundred and sixty four days in the Orange County Jail followed by ten years of sex offender probation. (Supp.R.194) This sentence was a

1

downward departure as Mr. Keeton scored one hundred and thirteen months at the bottom of the guidelines. (Supp.R.188)

On April 8, 2015, Mr. Keeton admitted to violating probation by making false statements to his probation officer, by failure to register an e-mail address and a positive urinalysis for cocaine. (Supp.R.156) Mr. Keeton also pled no contest to a new charge. (Supp.R.153)  Both the admissions and plea were based upon an agreed upon resolution. (Supp.R.153) The Court accepted Mr. Keeton's admission to the violations of probation and his no contest plea. (Supp.R.163)  The Court in case number 2014-CF-16519-A-O, adjudicated Mr. Keeton guilty and sentenced him to four years in the Department of Corrections with credit for 118 days. (Supp.R.165) The Court revoked and terminated the prior probation and sentenced the Defendant to four years in the Department of Corrections with credit for 538 days' time served. (Supp.R.165) The Court referred the outstanding balance of $1,613 to Collections Court and ordered Mr. Keeton to report to the Orange County Collections Court to set up a payment plan once he was released from prison.  Both cases were to run concurrent. (Supp.R165)

On March 30, 2020 the State filed two charges of failure to comply with sex offender reporting requirements by information. (R21) On October 28, 2020 Mr. Keeton filed a motion to dismiss two counts of failure to comply with

2

sex offender reporting requirements under Section 943.0435 Florida Statutes on the grounds that there are no material disputed facts as to that count or counts, and that the undisputed facts do not establish a prima facie case of guilt against Randall Lee Keeton. (R36) On November 17, 2020 the State filed a demurrer to the defendant's motion to dismiss. (R47)

Oral argument on the motion to dismiss was heard on December 21, 2020. (R112-134) Oral argument for the Defense and State stayed in keeping with their respective written briefs with the emphasis on whether court costs are sanctions. Both State and Defense relied heavily on *James v. State*, 298 So.3d 90 (Fla. 2020). (R119-131)

On December 31, 2020 the court filed a written order denying the motion to dismiss. (R57) The reasoning of the court was that in *James*, the court found that the defendant did not qualify as a sexual offender because he had not been released from his entire sanction, in that, he had not paid all of the $10,000.00 fine. (R58) The court specifically noted that the fine was not imposed as a lien or a cost. (R58) The court reasoned that this case is distinguishable from *James* because the defendant was assessed court costs only, and no fine. (R59)  Court costs are not a sanction. (R59) Failure to pay court costs does not enhance punishment, but rather results in a civil lien, relying on *Griffin v. State*, 980 So.2d. 1035 (Fla 2008). (R59)

3

The trial court concluded Mr. Keeton had completed his entire sanction and is required to register as a sexual offender under Section 943.0435, Florida Statutes. (R59)

On February 8, 2021, Mr. Randall Keeton withdrew his plea of not guilty and entered a plea of no contest, reserving his right to appeal the court's ruling on the motion to dismiss. (R92) The court went through a lengthy plea colloquy and found the no contest plea to be freely and voluntarily entered. (R96-99) Mr. Keeton was sentenced to 69.6 months with the Department of Corrections which is the bottom of the guidelines. (R109 & 74-76) This appeal follows.

go to the collections court, after he got out of prison, and make a payment plan to pay his financial obligations. Until the lien is paid or he is released from it, Mr. Keeton does not have to register.

The State of Florida has made it clear through subsequent legislation that when it references completion of all terms of a sentence, it includes in that definition "full payment of fines or fees ordered by the court as a part of the sentence or that are ordered by the court as a condition of any form or supervision, including but not limited to probation, community control, or parole." *Florida Statute* 98.0751(2)(a)(5)(b).

Statute 98.0751, restoration of voting rights to convicted felons, points us to the legislative intent when discussing a criminal defendant's requirement that he or she complete their sentence. The statute uses the terms "fees or fines," showing the two are considered the same, they are part and parcel. In the advisory opinion to the Governor on the implementation of Amendment 4, The Supreme Court of Florida held that the phrase "all terms of sentence" includes all legal financial obligations, including fines, restitution, costs, and fees, ordered by the sentencing court. *Advisory Opinion to Governor re Implementation of Amend. 4, The Voting Restoration Amend.*, 288 So .3d 1070 (Fla. 2020). This further illustrates that the

8

legislature views all costs included at the time of sentencing as the same thing.

Nor did the legislature provide for an automatic designation as a "sexual offender" upon conviction for certain crimes in the body of the statute. *State v. James*, 298 So. 3d 90 (FL 2020). If the legislature intended for an automatic designation as a "sexual offender" upon the conviction of certain offenses, it could have so provided, as it did in Florida's Sexual Predator Act. See Section 775.21, Fla. Stat. (2017). When the legislature has included a provision in one statute, but omitted it in an analogous statute, courts should not read it into the statute from which it has been excluded. *Id.*

The state argues the "absurdity doctrine" if allowed to follow the *James* case and by following the flawed reasoning in *James*, such a construction would allow sex offenders to lurk in the community by evading their fines and costs and receiving carte blanche from ever having to register. However, *James* argues courts must "presume that the legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249253-254, 112 S.Ct. 1146, 117 L. Ed. 391 (1992); see also *Cason v. Fla. Dep't of Mgmt. Servs.* 944 So. 2d 306, 315 (Fla. 2006). ("Unless it can be said with absolute confidence that no reasonable legislature would have intended for the statute to carry its plain meaning.')

9

The courts should "presume that our legislature says in a statute what it means and means in a statute what it says there." *Mesen*, 271 So.3d at 159 (quoting *Maddox V State*, 923 So.2d 442, 452 (Fla. 2006) "The question…is not what the legislature would have wanted but what the legislature enacted…." *Mesen*, 271 So.3d at 171 (quoting *Republic of Argentina v NML Capital. Ltd.*, 573 U.S. 134, 145. 134 S Ct. 2250, 189 L. Ed. 2d 234(2014)); also see *Macchione v. State*, 123 So.3d 114 119 n.3 (Fla. 5th DCA 2013 ("Whatever the consequences, we must accept the plain meaning of plain words." (quoting *United States v. Brown*, 206 U.S. 240, 244. 27 S. Ct. 520, 51 L. Ed. 1046, 42 Ct. Cl. 534 (1907)). An absurd result will not occur if this Court follows *James* and holds that the sanction applies to all parts of the sentence.

Mr. Keeton has not completed all the terms of his sanction for his conviction of lewd and lascivious battery because he has not paid all fees and costs. Mr. Keeton is not required to register as a sexual offender until such time as the sanction is completed or removed. The state's evidence failed to establish Keeton was required to register at the sheriff's office or the DMV based upon the undisputed facts of this case.

10

## <u>CONCLUSION</u>

BASED UPON the foregoing cases, authorities, and policies, the undersigned counsel respectfully requests this Honorable Court to reverse Mr. Keeton's charges and dismiss his case or grant other such remedy as this Honorable Court deems appropriate.

Respectfully submitted,

MATHEW J. METZ
PUBLIC DEFENDER
SEVENTH JUDICIAL CIRCUIT

/s/  *Betty Wyatt*
BETTY WYATT
ASSISTANT PUBLIC DEFENDER
Florida Bar No. 21457
444 Seabreeze Boulevard, Suite
Daytona Beach, Florida 32118
(386) 254-3758
wyatt.betty@pd7.org

COUNSEL FOR APPELLANT

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed electronically in the Fifth District Court of Appeal, 300 South Beach Street, Daytona Beach, FL 32114, through the Florida Courts E-Filing Portal at https://www.myflcourtaccess.com, which will e-mail a copy of the filing to the Office of the Attorney General, 444 Seabreeze Boulevard, Fifth floor, Daytona Beach, Florida 32118, at crimappdab@myfloridalegal.com; and a true and correct copy delivered by mail to, Mr. Randall Keeton, #T66392, Tomoka Correctional Institution, 3950 Tiger Bay Road, Daytona Beach, Florida 32124-1098 on this 21st day of July , 2021.

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the font used in this brief is either 14-point Arial or Bookman Old Style, in compliance with Rule 9.045(b), Florida Rules of Appellate Procedure, and that the word count complies with Rule 9.210(a)(2), Florida Rules of Appellate Procedure.

/s/ *Betty Wyatt*
Betty Wyatt
Assistant Public Defender

12

IN THE DISTRICT COURT OF APPEAL OF FLORIDA

FIFTH DISTRICT

RANDALL LEE KEETON,

    Appellant,

v.                                                    Case No. 5D21-0403

STATE OF FLORIDA,

    Appellee.

_____

ON APPEAL FROM THE CIRCUIT COURT
OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

<u>ANSWER BRIEF OF APPELLEE</u>

ASHLEY MOODY
ATTORNEY GENERAL

PAMELA J. KOLLER
Assistant Attorney General
Florida Bar No. 0775990
444 Seabreeze Blvd., Suite 500
Daytona Beach, Florida 32118-3951
(386)238-4990
Fax (386)238-4997
crimappdab@myfloridalegal.com

COUNSEL FOR APPELLEE

## TABLE OF CONTENTS

TABLE OF AUTHORITIES................................... ii

STATEMENT OF THE CASE AND FACTS ....................... 1

SUMMARY OF THE ARGUMENT .............................. 6

ARGUMENT .............................................. 7

ISSUE ON APPEAL

      THE TRIAL COURT PROPERLY DENIED THE MOTION TO
      DISMISS AS APPELLANT'S FAILURE TO PAY HIS
      OUTSTANDING COURT COSTS DOES NOT EXEMPT HIM
      FROM REPORTING AS A SEXUAL OFFENDER. ............. 7

CONCLUSION............................................ 21

CERTIFICATE OF SERVICE................................ 22

CERTIFICATE OF COMPLIANCE............................. 22

TABLE OF AUTHORITIES

**CASES:**

Anderson v. State,
    87 So. 3d 774 (Fla. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Bull v. State,
    548 So. 2d 1103 (Fla. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Crews v. State,
    183 So. 3d 329 (Fla. 2015), cert. denied, -U.S.-, 137 S.Ct. 379,
    196 L.Ed. 2d 299 (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

E.A.R. v. State,
    4 So. 3d 614 (Fla. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Fayad v. Clarendon Nat'l Ins. Co.,
    899 So. 2d 1082 (Fla. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Forsythe v. Longboat Key Beach Erosion Control Dist.,
    604 So. 2d 452 (Fla. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

G.E.L. Corp. V. Dept. Of Environ. Prot.,
    875 So. 2d 1257 (Fla. 5th DCA 2004) . . . . . . . . . . . . . . . . . . . . . . 16

Griffin v. State,
    980 So. 2d 1035 (Fla. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Lowry v. Parole and Prob. Comm.,
    473 So. 2d 1248 (Fla. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Madison at Soho II Condo Assoc. v. Devo
    Acquisition Enterp. LLC, 198 So. 3d 1111 (Fla. 2d DCA 2016). 14,17

McCloud v. State,
    260 So. 3d 911 (Fla. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Metro. Dade County v. Chase Fed. Hous. Corp.,
      737 So. 2d 494 (Fla. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Nehme v. Smithkline Beecham Clinical Labs., Inc.,
      863 So. 2d 201 (Fla. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,12

Palma Del Mar Cond. Assoc. #5 of St. Petersburg v. Com.
      Laundries of W. Fla., 586 So. 2d 315 (Fla. 1991) . . . . . . . . . . . . . . 14

Pompano Horse Club v. State,
      111 So. 801 (Fla. 1927) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Ridgeway v. State,
      892 So. 2d 538 (Fla. 1st DCA 2005) . . . . . . . . . . . . . . . . . . . . . . . 4

State v. Brena,
      278 So. 3d 850 (Fla. 3d DCA 2019) . . . . . . . . . . . . . . . . . . . . . . . 16

State v. Hearns,
      961 So. 2d 211 (Fla. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,12

State v. James,
      298 So. 3d 90 (Fla. 2d DCA 2020) . . . . . . . . . . . . . . . . . . . . . *passim*

State v. Lebron,
      954 So. 2d 52 (Fla. 5th DCA 2007) . . . . . . . . . . . . . . . . . . . . . . . . 7

State v. Mounce,
      866 So. 2d 132 (Fla. 5th DCA 2004) . . . . . . . . . . . . . . . . . . . . . . 21

State v. Pasko,
      815 So. 2d 680 (Fla. 2d DCA), rev. denied,
      835 So. 2d 268 (Fla. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

State v. Taylor,
      16 So. 3d 997 (Fla. 5th DCA 2009) . . . . . . . . . . . . . . . . . . . . . . . . 7

## OTHER AUTHORITY:

Art. VI § 4(a), Fla. Const. (2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

§ 775.082(3)-(4), Fla. Stat. (2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

§ 775.083, Fla. Stat. (2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

§ 921.002, Fla. Stat. (2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

§ 938.01 Fla. Stat. (2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

§ 938.03, Fla. Stat. (2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

§ 938.04, Fla. Stat. (2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

§ 943.0435, Fla. Stat. (2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

§ 944.606, Fla. Stat. (2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19,20

§ 944.607, Fla. Stat. (2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19,20

Ch. 2021-156, Laws of Fla. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Fla. R. Crim. P. 3.190(c)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

Fla. Dept. Of Corr. Corrections Offender Network, Inmate Population Information Detail Website, Keeton, Randall, L., Jr., http://www.dc.state.fl.us/offenderSearch/  detail.aspx?Page=Detail&DC Number=T66392&TypeSearch=AI (last visited Aug. 16, 2021) . . . . . . . . . 3

## STATEMENT OF THE CASE AND FACTS

Appellant's statement of the case and facts is substantially accurate for the purpose of this appeal, with the following additions and corrections:

Appellant originally entered a plea to and was convicted of one count of lewd or lascivious battery. (R2,10, Sept. 21, 2012, Hearing, Supp. ROA). Pursuant to the plea, Appellant was adjudicated guilty and received a downward departure sentence of five years of sex offender probation. (R3-4,13-14, Sept. 21, 2012, Hearing, Supp. ROA). The court imposed court costs, costs of prosecution, a public defender lien, and the $50 D.E.R.P. fee to be included in the costs, and directed that all financial obligations would be handled by the collections court. (R14, Sept. 21, 2012, Hearing, Supp. ROA). Appellant advised the court he could afford $30 a month toward the payment of court costs. Id. He was ordered to report to Probation no later than 5:00 p.m. on Monday, September 24. (R15, Sept. 21, 2012, Hearing, Supp. ROA).

When Appellant failed to meet with his probation officer as directed, a violation of probation was filed based upon his failure to report and for also committing a petit theft while on probation. (R4-5, May 16, 2013, VOP Hearing, Supp. ROA). On May 16, 2013, Appellant entered an open plea to

1

violating condition five, was adjudicated guilty and sentenced to two years of sex offender community control followed by eight years of sex offender probation with all of the original terms and conditions applying. (R20,21, May 16, 2013, VOP Hearing, Supp. ROA). The judge advised that Appellant would pay additional court costs, cost of prosecution, a $100 public defender fee, and $50 public defender application fee. (R21, May 16, 2013, VOP Hearing, Supp. ROA). Further, that he was to make monthly payments of $25 toward his court costs. (R21, May 16, 2013, VOP Hearing, Supp. ROA).

Appellant again entered a plea to violating his sex offender community control on February 4, 2014, for testing positive and was sentenced according to the agreement to two years incarceration in prison followed by ten years of sex offender probation. (R6-8,9-10, Feb. 4, 2014, Hearing, Supp. ROA). The court also imposed $100 cost of prosecution, and a $100 Public Defender fee. (R12, Feb. 4, 2014, Hearing, Supp. ROA).

On April 8, 2015, Appellant returned to court in two cases, including the instant case. (R2, April 8, 2015, Hearing, Supp. ROA). He entered a negotiated plea to the new law violations and his violation of sex offender probation. (R2-5, April 8, 2015, Hearing, Supp. ROA). The agreed-upon sentence was an adjudication of guilt, his probation was revoked and

terminated, and he would serve two concurrent terms of four years in the Department of Corrections with credit for time served. (R2-3, 13-14, April 8, 2015, Hearing, Supp. ROA). Appellant was also directed that within 30 days of his release, he was to report to the Collections Court to set up a payment plan for his financial obligations. (R14, April 8, 2015, Hearing, Supp. ROA). According to the Florida Department of Corrections Inmate Population Information website, Appellant was released from prison on May 5, 2018. See Fla. Dept. Of Corr. Corrections Offender Network, Inmate Population Information Detail Website, Keeton, Randall, L., Jr., http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DC Number=T66392&TypeSearch=AI (last visited Aug. 16, 2021).

On March 30, 2020, Appellant was charged with two counts of failure to comply with sex offender reporting requirements. (R21-22). It was alleged that the crimes were committed on or about February 13, 2020, through February 26, 2020. Id. A motion to dismiss was filed on October 28, 2020, relying upon State v. James, 298 So. 3d 90 (Fla. 2d DCA 2020). (R36-43).

The State filed a demurrer to Appellant's motion to dismiss, arguing the James court's interpretation of section 943.0435(1)(b), Florida Statutes, was erroneous, and that court costs are not a sanction. (R47-55). A hearing was

3

held on the motion on December 21, 2020, at which the motion was denied. (R56,112-). Documents reflecting the financial obligations that remained outstanding in Appellant's case were filed at the hearing. (R114-116,139-42,131-32). The defense argued that the outstanding court costs "should be construed to be the equivalent of a fine." (R121-24,126-28). The State responded that Appellant's outstanding financial obligation consisted of court costs, and the courts have held that monetary penalties are not punitive and, thus, the holding in James, which focused on fines rather than court costs, did not apply. (R124-26). Before denying the motion, the trial court confirmed that the defense did not dispute that Appellant's outstanding financial obligations were court costs, and not fines. (R128-29,130-31).

A written order denying the motion to dismiss was rendered on December 31, 2020. (R57-59). In the order, the trial court found Appellant's case distinguishable from the James case because Appellant was solely assessed court costs, and no fine, and court costs are not a sanction, as the failure to pay court costs does not enhance punishment, but results in a civil lien, citing to Griffin v. State, 980 So. 2d 1035 (Fla. 2008), and Ridgeway v. State, 892 So. 2d 538 (Fla. 1st DCA 2005). (R57-59). The court found Appellant had completed his entire sanction and was required to register as

4

a sexual offender under section 943.0435, Florida Statutes. (R59).

Appellant entered a *nolo contendere* plea on February 8, 2021, to both counts, was adjudicated guilty, and sentenced to the lowest permissible sentence of two concurrent terms of 69.6 months in prison with 333 days credit for time served. (R63-64,65-76,88,99,103,108-09). Appellant reserved the right to appeal the trial court's denial of his motion to dismiss. (R64,73,90-92).

## SUMMARY OF THE ARGUMENT

Appellant complains that the trial court erred in denying his motion to dismiss arguing that he had no duty to report as a sexual offender because his court costs are outstanding, constitute a sanction, and he has not been released from all of his sanctions, relying upon State v. James, 298 So. 3d 90 (Fla. 2d DCA 2020). As the trial court correctly found, costs are not included in the definition of "sanction" found in the pre-clarification section 943.0435 and the James opinion is inapplicable because that case addressed an outstanding fine rather than court costs. Thus, Appellant qualifies as a sexual offender because he has been released from all his sanctions.

Alternatively, Appellant is entitled to no relief because the holding in James is erroneous. A recent amendment to section 943.0435, wherein the Legislature expressly disavowed James, demonstrates that the Legislature has always intended that a person register as a sexual offender as soon as he or she is released from prison or another sanction - not later, after he or she has been released from all of his or her sanctions. Accordingly, Appellant's failure to pay his outstanding court costs does not exempt him from reporting as a sexual offender, and his convictions and sentences for failing to report should be affirmed.

6

<u>ARGUMENT</u>

<u>ISSUE ON APPEAL</u>

THE TRIAL COURT PROPERLY DENIED THE
MOTION TO DISMISS AS APPELLANT'S FAILURE
TO PAY HIS OUTSTANDING COURT COSTS DOES
NOT EXEMPT HIM FROM REPORTING AS A
SEXUAL OFFENDER.

Appellant complains that the trial court erred in denying his motion to

dismiss arguing that he had no duty to report as a sexual offender because

his court costs are outstanding, constitute a sanction, and he has not been

released from all of his sanctions, primarily relying upon <u>State v. James</u>, 298

So. 3d 90 (Fla. 2d DCA 2020). Appellant is entitled to no relief since the trial

court correctly denied his motion to dismiss as his failure to pay his

outstanding court costs does not exempt him from reporting as a sexual

offender.

When a defendant moves to dismiss a charge pursuant to Florida Rules

of Criminal Procedure 3.190(c)(4), the State is required to show only a *prima*

*facie* case, since the purpose of the motion is to allow a pretrial determination

of the law of the case when material facts are not in dispute. <u>State v. Lebron</u>,

954 So. 2d 52 (Fla. 5th DCA 2007). The standard of review of a trial court's

order in this connection is *de novo*. See <u>State v. Taylor</u>, 16 So. 3d 997, 999

7

(Fla. 5th DCA 2009). The State, however, is entitled to the most favorable construction of the evidence and all inferences should be resolved against the defendant. Only when the most favorable construction to the State would not establish a *prima facie* case of guilt should a rule 3.190(c)(4) motion to dismiss be granted. See State v. Pasko, 815 So. 2d 680 (Fla. 2d DCA), rev. denied, 835 So. 2d 268 (Fla. 2002).

Similarly, questions of statutory interpretation are reviewed on appeal under a de novo standard. See McCloud v. State, 260 So. 3d 911, 914 (Fla. 2018). It is well established that legislative intent is the polestar that guides statutory interpretation. Crews v. State, 183 So. 3d 329, 332 (Fla. 2015) ("The object of statutory interpretation is to determine legislative intent."). To discern legislative intent, courts first look to the language of the statute, because legislative intent is determined primarily from the statute's text. Anderson v. State, 87 So. 3d 774, 777 (Fla. 2012).

Another important canon of statutory interpretation is that of *ejusdem generis*, "which states that when a general phrase follows a list of specifics, the general phrase will be interpreted to include only items of the same type as those listed." State v. Hearns, 961 So. 2d 211, 219 (Fla. 2007). "Distilled to its essence, this rule provides that where general words follow an

8

enumeration of specific words, the general words are construed as applying to the same kind or class as those that are specifically mentioned." <u>Fayad v. Clarendon Nat'l Ins. Co.</u>, 899 So. 2d 1082, 1088–89 (Fla. 2005). A related canon of statutory construction is *noscitur a sociis*, which instructs that "a word is known by the company it keeps." <u>Nehme v. Smithkline Beecham Clinical Labs., Inc.</u>, 863 So. 2d 201, 205 (Fla. 2003). Application of these canons of statutory interpretation make it clear that court costs are not the equivalent of or in the same company as fines, probation, community control, parole, and incarceration. As such, the trial court correctly denied Appellant's motion to dismiss.

The version of the statute in effect at the time of Appellant's conviction for failing to report, section 943.0435(1)(h)1.a.(II), Florida Statutes, provided that a person qualifies as a sexual offender if he:

> Has been released on or after October 1, 1997, from the sanction imposed for any conviction of a[] [sexual] offense....[A] sanction imposed...includes, but is not limited to, a fine, probation, community control, parole, conditional release, control release, or incarceration in a state prison, federal prison, private correctional facility, or local detention facility.

Thus, the Legislature chose not to include court costs in the definition of sanction. The State would submit that costs were not included because costs

are not the equivalent of or in the same company as fines, probation, community control, parole, conditional release, control release, and incarceration. The latter are all criminal punishments that a court imposes at sentencing after considering the nature of the offense, the defendant's background, and other sentencing factors designed to ensure appropriate deterrence, retribution, and incapacitation. See, e.g., § 921.002(1), Fla. Stat.; §§ 775.082(3)-(4), Fla. Stat. Mandatory court costs like Appellant's are administrative "assessment[s]" charged to fund court operations and programs. See, e.g., § 938.01(1), Fla. Stat.; § 938.03(4), Fla. Stat.; § 938.05(1), Fla. Stat. Indeed, many costs are assessed even when adjudication is withheld, see, e.g., section 938.01(1), and section 938.03(1), and Florida's cost statutes often distinguish costs from fines and other penalties, stating, for example, that costs must be imposed "in addition to any fine or other penalty." See, e.g., § 938.01(1); § 938.04 (requiring certain costs "[i]n addition to any fine...prescribed by law"). Compare § 775.083(1), Fla. Stat. ("A person who has been convicted of an offense other than a capital felony *may be sentenced to pay a fine* in addition to any punishment described in s. 775.082, when specifically authorized by statute, *he or she may be sentenced to pay a fine in lieu of any punishment described in s.*

10

775.082.") (emphasis added); with § 775.083(2) ("In addition to the fines set forth in subsection (1), *court costs shall be assessed and collected* in each instance a defendant pleads...or is convicted of, or adjudicated delinquent for, a felony, a misdemeanor, or a criminal traffic offense....") (emphasis added).

Bull v. State, 548 So. 2d 1103 (Fla. 1989), where the supreme court rejected a defendant's challenge to his public defender fees and costs, is instructive. There, the supreme court emphasized that such fees and costs are civil in nature. "The assessment of [the] fees and costs," the court explained, "is a civil proceeding which is reduced to a civil judgment." Id. at 1105. An "assessment may take place at any stage of the [defendant's criminal] proceeding after guilt is determined," and once imposed, it "creates a lien in the name of the [governmental entity] funding the [public defender] services and provides for entry of a judgment which may be enforced by the [governmental entity] in a civil action." Id. at 1104.

Even the James court recognized that court costs are different in kind than the punishments listed in section 943.0435(1)(h)1.a.(II). In James, the defendant was convicted of molesting two children and sentenced to 15 years and a $10,000 fine. James, 298 So. 3d at 91. When he was released from prison, James refused to register as a sexual offender because his fine was

11

still outstanding. Id. He asserted that he did not have to register until he paid his fine because section 943.0435(1)(h)1.a.(II) did not require registration until a person had been released from his "sanction, as a whole." Id. at 92. The district court agreed, concluding that the text of section 943.0435(1)(h)1.a.(II) compelled that reading because the first clause in the provision referred to "the" sanction imposed, rather than "a" sanction imposed. Id. In addition, in determining that the defendant did not have to register because he had an outstanding fine, the James court distinguished fines from costs, suggesting that if the defendant instead had only "a lien" or "a cost," he would have had to register. See James, 298 So. 3d at 91 ("James was convicted of attempted lewd or lascivious molestation...for which the trial court imposed a sanction of fifteen years' prison and a $10,000 fine. The fine was not imposed as a lien, nor was it imposed as a cost.").

Based on the foregoing, because mandatory court costs like Appellant's are not the equivalent of or in the same company as fines, probation, community control, parole, conditional release, control release, and incarceration, contrary to Appellant's contention they cannot be read into the definition of "sanction" in the pre-clarification statute. See Hearns, supra.; Nehme, supra. Accordingly, the trial court correctly denied the motion to

dismiss as court costs are not sanctions, and the failure to pay court costs does not exempt him from reporting as a sexual offender.

Alternatively, notwithstanding that the trial court correctly found court costs are not sanctions, the James opinion was erroneously decided.[1] During the 2021 legislative session - the first session since James issued - the Legislature passed Chapter 2021-156, Laws of Florida. The law does four things. First, it clarifies that the Legislature always intended offenders to register as soon as they are released from *a* sanction. It states that James "is contrary to legislative intent," (which is the polestar of statutory interpretation) Chapter 2021-156, section 1; specifies that "[t]he Legislature intends that a person" register when he has "[b]een released from a sanction," id; and replaces "the sanction" with "a sanction" in the first clause of section 943.0435(1)(h)1.a.(II), id. at section 2 (a person qualifies as a sexual offender if he "[h]as been released on or after October 1, 1997, from ~~the~~ a sanction imposed for any conviction of" a sexual offense). Second, Chapter 2021-156 amends the definition of "sanction" in section 943.0435(1)(h)1.a.(II) to state:

---

[1] See Robertson v. State, 829 So. 2d 901, 906 (Fla. 2002) ("Th[e] longstanding principle of appellate law, sometimes referred to as the 'tipsy coachman' doctrine, allows an appellate court to affirm a trial court that 'reaches the right result, but for the wrong reasons,' so long as 'there is any basis which would support the judgment in the record.'").

"For purposes of this sub-sub-subparagraph (I), a sanction imposed in this state or in any other jurisdiction means includes, but is not limited to, a fine, probation, community control, parole, conditional release, control release, or incarceration." Id. at § 2. Third, Chapter 2021-156 clarifies that offenders who "meet the criteria for registration as a sexual offender under chapter 944 or chapter 984" must register pursuant to those chapters. Id. Finally, it adds a clause to the end of section 943.0435(1)(h)1.a.(II), stating: "If no sanction is imposed, the person is deemed to be released upon conviction." Id.

Under the recent-controversy rule, if "an amendment to a statute is enacted soon after controversies as to the interpretation of the original act arise, a court may consider that amendment as a legislative interpretation of the original law and not as a substantive change." Lowry v. Parole and Prob. Comm., 473 So. 2d 1248, 1250 (Fla. 1985). And it is "particularly" appropriate to consider an amendment when "there ha[s] been a judicial interpretation after the original enactment....which the "[L]egislature believe[s] [i]s contrary to its original intent." Palma Del Mar Cond. Assoc. #5 of St. Petersburg v. Com. Laundries of W. Fla., 586 So. 2d 315, 317 (Fla. 1991).

The recent controversy rule is "an inquiry that is distinct from retroactive application of an amended statute," so it does not implicate the Ex Post Facto

Clause. <u>Madison at Soho II Condo Assoc. v. Devo Acquisition Enterp. LLC</u>, 198 So. 3d 1111, 1116 (Fla. 2d DCA 2016). Under the rule, a court "revisit[s] [its] prior construction of [a] pre-amended" statute, taking into account the Legislature's clarifying interpretation. <u>Id.</u> The court does not "retroactively apply [the] newer version of" the statute. <u>Id.</u>

Applying that rule here, Chapter 2021-156's amendment to the first clause of section 943.0435(1)(h)1.a.(II) is a legislative interpretation. That is, it merely clarifies the meaning of the clause.

First, the Legislature passed the amendment "soon after" - and in direct response to - <u>James</u>, which departed from the longstanding interpretation of the clause by holding that a person need not register as a sexual offender upon his release from a sanction. <u>See</u> 5D19-2805,[2] Fla. Sheriff's Ass'n Amicus Br. 8 (Prior the passage of <u>James</u>, the statute had been interpreted by sheriffs for more than 20 years to require convicted offenders to register

---

[2] The State requests that this Court take judicial notice of its records in Case Number 5D19-2805. <u>See, e.g.</u>, <u>Pacheco v. Gonzalez</u>, 254 So. 3d 527, 534 n.5 (Fla. 3d DCA 2018), <u>rev. denied</u>, No. SC18-1940, 2019 WL 4165124 (Fla. Sept. 3, 2019) ("An appellate court can take judicial notice of its own files and records.") (citations omitted); <u>Macnamara v. Kissimmee River Valley Sportsmans' Ass'n</u>, 648 So. 2d 155, 163 (Fla. 2d DCA 1994) (DCA took judicial notice of brief filed in Florida Supreme Court to help District Court interpret Supreme Court's decision.).

15

upon their "release[] from incarceration and are present in the community.");
see also State v. Brena, 278 So. 3d 850, 853 (Fla. 3d DCA 2019) (Section
943.0435 "applies to anyone who has been released from *a sanction* imposed
upon conviction for a qualifying offense on or after October 1, 1997")
(emphasis added). James was decided in 2020, and the Legislature passed
chapter 2021-156 during the 2021 legislative session, the first post-James
session. See Metro. Dade County v. Chase Fed. Hous. Corp., 737 So. 2d
494, 503 (Fla. 1999) ("read[ing] [an amendment] as clarifying the legislative
intent" of a statute because the Legislature passed the amendment "five
months" after a decision that created controversy over the statute).

Second, Chapter 2021-156 specifies that James "is contrary to
legislative intent," demonstrating that, in passing chapter 2021-156, the
Legislature sought to correct James's misreading of the clause, not to
substantively change the clause. See ch. 2021-156, § 1; G.E.L. Corp. V.
Dept. Of Environ. Prot., 875 So. 2d 1257, 1263 (Fla. 5th DCA 2004) ("[T]he
legislative response to the interpretation given [the statute] in the
administrative decisions...clearly indicates that the Legislature did not agree
with those interpretations and sought to clarify the meaning of the statute
through the newly enacted provision....").

That "clear legislative directive[], coupled with the close temporal proximity of [Chapter 2021-156] to [James], leave[s] no room for any" conclusion other than that the Legislature passed Chapter 2021-156 to clarify its intent. See Madison, 198 So. 3d at 1117. Thus, under the recent controversy rule, the Legislature's construction of section 943.0435(1)(h)1.a.(II) as clarified by Chapter 2021-156 should guide this Court's analysis here, i.e., that section 943.0435 has always required release from *a sanction* rather than all sanctions contrary to the interpretation of the James court.

First, the text of the pre-clarification statute provided that a person qualifies as a sexual offender if he has been released from the sanction imposed for a sexual offense, and sanctions included a fine, probation, community control, parole, conditional release, or incarceration. § 943.0435(1)(h)1.a.(II). That text did not say that a person qualifies as an offender only if he has been released from his entire sentence. Instead, it states that release from sanction is the triggering event, and it defines "sanction" to include "a fine, probation, community control, parole, conditional release, *or* incarceration." Id. (Emphasis added) compare Art. VI § 4(a), Fla. Const. (2018) (Restoring voting rights of certain felons "upon completion of

17

all terms of sentence including parole or probation.") (emphasis added). The Legislature's use of "or" suggests that each of those penalties was a "sanction," release from any one of which was sufficient to require registration. See Pompano Horse Club v. State, 111 So. 801, 805 (Fla. 1927) ("or" is disjunctive and marks alternatives).

Second, multiple provisions in section 943.0435 contemplated - and still contemplate - registration as soon as a person is released from a single sanction. See Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So. 2d 452, 455 (Fla. 1992) ("it is axiomatic that all parts of a statute must be read *together* in order to achieve a consistent whole.") (emphasis in original). Section 943.0435(12), for example, states that registration is "paramount" to public safety because sexual offenders "often pose a high risk of engaging in sexual offenses even after *being released from incarceration or commitment*." § 943.0435(12), Fla. Stat. (Emphasis added). That language suggests that the Legislature envisioned offenders registering as soon as they are released from "incarceration or commitment," when they first "pose a high risk" to the community - not later after they have completed all of their other sanctions and are presumably more, rather than less, rehabilitated. Id.; see also § 943.0435(2)(a)1.b. (requiring offenders to report immediately after release

18

"from the custody, control, or supervision of the Department of Corrections");
§ 943.0435(6) (requiring Florida's sexual offender registry to comply with
federal standards, which direct states to monitor all offenders released into
the community).

Third, section 943.0435 must be read *in pari materia* with its companion
statutes (sections 944.606 and 944.607), and the three statutes can be
harmonized only by reading section 943.0435 as applying upon release from
a single sanction. See E.A.R. v. State, 4 So. 3d 614, 629 (Fla. 2009) ("The
doctrine of *in pari materia*...requires that statutes relating to the same
subject...be construed together to harmonize the[m].") (quotations omitted).
Requiring release under the pre-clarification statute from all sanctions would
have gutted section 944.606(3), which requires the Department of Corrections
to provide FDLE and local law enforcement the information needed to track
each "sexual offender who is being released after serving a period of
incarceration." See § 944.606(3), Fla. Stat. Under section 944.606(3), before
each offender's release, the Department must provide his identifying
information, planned address, planned phone numbers, expected employment
information, and internet identifies. § 944.606(3)(a). But that information
would be useless to FDLE and local law enforcement if section 943.0435 did

not apply until after an offender completed all his non-prison sanctions. If that were so, a recently released offender with a non-prison sanction such as a fine would have no duty to report to changes to his address, phone numbers, job or internet identifiers, and within days of his release, the information that the Department provided FDLE and local law enforcement would be obsolete.

In fact, reading section 943.0435 as applying only when a person has been released from all sanctions not only would gut particular provisions in sections 944.606 and 944.607 but would unravel the entire sexual offender statutory scheme. Sections 943.0435, 944.606, and 944.607 work in tandem to ensure that all offenders who are at large in the community are monitored, regardless of their underlying sentences. Sections 944.606 and 943.0435 cover offenders upon release from prison; section 944.607 covers offenders on supervision; and sections 944.607 and 943.0435 cover offenders upon release from supervision. Thus, no convicted sexual offender is ever left to roam Florida's communities unmonitored. But if section 943.0435 had allowed offenders to forgo registration until they completed every part of their sentence, and entire group of offenders - those with outstanding fines - would have been free to roam the state unmonitored.

As such, not only Chapter 2021-156 - but also the text and statutory

20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed a true and correct copy of the foregoing with the Florida Courts E-Filing Portal which will email a copy of the filing to the following: counsel for Appellant, Betty Wyatt, Assistant Public Defender, (444 Seabreeze Blvd., Ste 210, Daytona Beach, FL) at wyatt.betty@pd7.org and appellate.efile@pd7.org this 20th day of August 2021.

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the size and style of type used in this response is 14-point Arial in compliance with Fla. R. App. P. 9.045(b) , and the word count does not exceed 13,000 words in compliance with Fla. R. App. P. 9.210(a)(2)(B).

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

/s/Pamela J. Koller
PAMELA J. KOLLER
Assistant Attorney General
Florida Bar No. 0775990
444 Seabreeze Blvd., Suite 500
Daytona Beach, Florida 32118-3951
(386)238-4990/Fax (386)238-4997
crimappdab@myfloridalegal.com
Pamela.Koller@myfloridalegal.com

22